IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT D. GATLIN, SR., | ) | CASE NO. 5:13CV02434 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| KIMBERLY CLIPPER, Warden. | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | Doc. 13 |

Petitioner Vincent D. Gatlin, Sr. ("Petitioner" or "Gatlin") filed this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent Lorain Correctional Institution Warden Kimberly Clipper maintains custody of Petitioner pursuant to a September 20, 2011, judgment entry of conviction and sentence in *State v. Vincent Deon Gatlin, Sr.*, Case No. 2011CR0824 (Stark County). This matter is currently before the Court on Petitioner's Motion for Stay and Abeyance. Doc. 13. Petitioner moves this Court to hold his habeas petition in abeyance while he returns to state court to exhaust his state court remedies. Id. at p.2.

As set forth below, a stay and abeyance may only be granted in a "mixed petition" case, i.e., where the petition raises both exhausted and unexhausted claims. Gatlin's petition is not a mixed petition. Accordingly, the undersigned recommends that Petitioner's Motion for Stay and Abeyance (Doc 13) be **DENIED**.

1

# I. Procedural Background

## A. State Conviction

On September 8, 2011, after a full trial, a Stark County jury found Gatlin guilty of one count of felonious assault based on sexual conduct while carrying HIV pursuant to R.C. 2903.11(B)(3) and one count of sexual battery pursuant to R.C. 2907.03(A)(5). Doc. 8-1, p. 140; *State v. Gatlin*, 2012-Ohio-3226 ¶22 *appeal not allowed,* 2012-Ohio-5459, 133 Ohio St. 3d 1490, 978 N.E.2d 910. The court then addressed a repeat violent offender ("RVO") specification[1] pursuant to R.C. 2941.149. *Id.* Gatlin was sentenced to eight years for felonious assault[2] and a consecutive five years for the RVO specification.[3] *Id.*

## B. Direct Appeal

On October 19, 2011, Petitioner timely filed a notice of appeal to the Fifth District Court of Appeals. Doc. 8-1, p. 37. In his brief, he presented three assignments of error:

1. Appellant's convictions were against the manifest weight and sufficiency of the evidence.

2. Appellant was denied his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when the trial court abused its discretion by allowing expert witness testimony.

3. The trial court erred when it sentenced Appellant on the repeat violent offender specification.

Doc. 8-1, p. 41. The State filed a responsive brief. Doc. 8-1, pp. 94-119. On July 16, 2012, the state appellate court affirmed Gatlin's conviction and sentence. *State v. Gatlin*, 2012-Ohio-3226 *appeal not allowed,* 2012-Ohio-5459, 133 Ohio St. 3d 1490, 978 N.E.2d 910.

---

[1] The RVO was based on Gatlin's 1994 conviction for robbery, a felony of the second degree. Doc. 8-1, p. 140.

[2] On September 9, 2011, the trial court found that, pursuant to *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, sexual battery and felonious assault were allied offenses. *Id.* at ¶23.

[3] For reasons unknown, the journal entry was not filed with the clerk of courts until September 20, 2011. Doc. 8-1, p. 4.

### C. Ohio Supreme Court Appeal

On August 24, 2012, Gatlin timely filed a notice of appeal in the Ohio Supreme Court. Doc 8-1, p. 120-122. Gatlin raised a single proposition of law:

> A criminal defendant may not be convicted of a repeat violent offender specification that requires that the defendant caused or attempted to cause serious physical harm, when the underlying offense does not contain such an element, and the jury makes no express finding regarding serious physical harm. Sixth and Fourteenth Amendments to the United States Constitution; Sections 5 and 10, Article I of the Ohio Constitution.

Doc. 8-1, p. 124, 152. The State filed a memorandum in response. Id. at 155-164. On November 28, 2012, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Id. at 165.

### D. Federal Habeas Petition

On October 28, 2013, Petitioner *pro se* signed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Doc. 1. In his petition, Petitioner presents one ground for relief:

> **Ground One:** A criminal defendant may not be convicted of a repeat violent offender specification that requires that the defendant caused or attempted to cause serious physical harm, when the underlying offense does not contain such an element, and the jury makes no express finding regarding serious physical harm. Sixth and Fourteenth Amendments to the United States Constitution; Section 5 and 10, Article 1 of the Ohio Constitution.

Doc. 1, p. 3. On January 13, 2014, Respondent filed the Return of Writ. Doc. 8. Respondent argued that Petitioner's sole ground is procedurally defaulted, not cognizable, and lacks merit. Doc. 8, p. 17. On April 15, 2014, Petitioner filed a Motion for Stay and Abeyance asking the Court to stay ruling on his habeas petition until such time as the state court of appeals rules on his Application for Reopening his direct appeal.[4] Doc. 13.

---

[4] Petitioner did not state when his Application for Reopening was filed.

## II. Law & Analysis

### A. Exhaustion

As a rule, a state prisoner must exhaust all available state remedies or have no remaining state remedies available before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  The exhaustion requirement is satisfied when the petitioner fairly presents all his federal constitutional claims to the highest court of the state in which the petitioner was convicted, thereby giving the state one full round of its established review procedures to consider the petitioner's claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies.  *Williams*, 460 F.3d at 806.

In her Return of Writ, Respondent argues that Gatlin failed to exhaust the sole ground for relief in his habeas petition because he did not fairly present his claim as a federal constitutional claim to the state court of appeals. Doc. 8, pp. 17-18.  Respondent argues that Gatlin failed to sufficiently alert the state appellate court that he was raising a federal constitutional issue because he raised the claim only in relation to Ohio statutes and case law and he did not cite any federal cases or mainstream federal constitutional terms.  Id.  Respondent contends that the claim

4

is now procedurally defaulted because it would be barred by *res judicata* from consideration in a subsequent state court proceeding. Doc. 8, pp. 11-12.

After Respondent filed her Return of Writ, Gatlin filed a Motion for Stay and Abeyance. Doc. 13. In that motion, Gatlin moved this Court to stay his habeas petition and hold it in abeyance while he returns to state court to exhaust "all available state court remedies." Id. Gatlin states that he has filed a motion to reopen his direct appeal based on major errors committed by his appellate counsel. Id. However, Gatlin has not articulated what grounds he intends to raise in state Court.

### B. Stay and Abeyance

#### 1. Gatlin's petition is not a mixed petition as it raises only one ground for relief

The habeas statute circumscribes the district court's discretion to issue stays. *Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005). If the habeas petition is a "mixed petition," i.e., one that includes both exhausted and unexhausted claims, federal district courts have the "discretion to stay to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition." *Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006) (citing *Rhines,* 544 U.S. at 278-79. However, the Supreme Court cautioned that federal courts should not utilize the "stay and abeyance" procedure frequently since doing so undermines the purpose of AEDPA which is to encourage finality and streamline federal habeas proceedings. *Rhines,* 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* In the context of "mixed petitions," the Supreme Court has stated that a district court should grant a stay if:

> [T]he petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines*, 544 U.S. at 278.

In the instant matter, Gatlin raised only one ground for relief in his habeas petition. Doc. 1, p. 3. Therefore, it does not matter whether Gatlin's sole ground is exhausted or unexhausted. Either way, his petition is not a "mixed petition" that would permit the Court to apply the standard set forth in *Rhines* to consider whether to stay exhausted claims pending the resolution of unexhausted claims. *See e.g.,* *Witherspoon v. Howes,* 1:07-CV-981, 2008 WL 3833751 *2 (W.D. Mich. Aug. 13, 2008) ("petitioner cannot utilize the stay and abeyance procedure because he did not file a 'mixed' habeas petition"); *Draheim v. Harry,* No. 1:05–cv–587, 2005 WL 2758089 at *3 (W.D.Mich. Oct.25, 2005) (concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims).

### 2. Returning to state court to exhaust a new ground for relief does not render Gatlin's current petition a "mixed petition"

Even if Gatlin is seeking to return to state court to raise a new claim in his habeas petition, that request should be denied. In his motion for stay, Gatlin seeks a stay "until such time as the Court of Appeals renders a ruling on his application to reopen." Doc. 13, p. 2. Under Ohio law, a motion to reopen under Rule 26(B) must be based on the grounds that appellate counsel was ineffective. *State v. Goines,* 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (per curiam) (claimed errors not related to ineffective assistance of appellate counsel are disregarded); *State v. Cook,* No. WD-04-029, 2005 WL 1926517, at *4 (Ohio Ct.App. Aug. 10, 2005) (claim of ineffective assistance of trial counsel improper basis for Rule 26(B) motion). Even assuming Petitioner has filed a post-judgment motion in state court presenting a new claim, having an independent proceeding pending in state court does not render a federal habeas petition a

"mixed" petition. *Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir.2007); *Jones v. Parke,* 734 F.2d 1142, 1145 (6th Cir.1984); *Casey v. Hall,* 5:08CV2694, 2009 WL 2167927 *3 (N.D. Ohio July 17, 2009) ("The fact that he may have a separate claim pending in state court does not render his current petition a 'mixed' petition."); *Moore v. Wilson,* 2008 WL 2556669, *2 (N.D.Ohio June 20, 2008) ("Petitioner does not claim that he returns to state court to exhaust a claim currently before this Court.... Therefore, this case does not trigger the *Rhines* reasoning to stay the case to permit state exhaustion of unexhausted habeas claims in a mixed petition context."); *Lee v. Wilson,* No. 1:04–cv–2169, 2008 WL 1775523 *4 (N.D.Ohio April 16, 2008) ("Where a petitioner asserts a new, unexhausted claim during the course of his federal habeas proceeding, rather than in the original habeas petition, the district court need not treat the petition as a mixed petition…"); *Razo v. Bradshaw,* No. 1:05–cv–1106, 2006 WL 1805896 (N.D.Ohio June 29, 2006).[5] Accordingly, to the extent Gatlin is requesting a stay to return to state court to raise a new unexhausted claim that is not included in his habeas petition, Gatlin's request should be denied.

---

[5] Moreover, even if the Petition was considered a "mixed petition," Gatlin would not meet the conditions for a stay set forth in *Rhines*. Gatlin has not provided the Court any good cause for his failure to exhaust his state remedies with regard to the unspecified issues he intends to raise in the new state post-conviction proceedings. In addition, since he has not stated what grounds he intends to raise, there is no basis for the Court to conclude that such grounds are potentially meritorious or that Gatlin has not engaged in intentionally dilatory litigation tactics. Therefore, applying the *Rhines* standard, Gatlin's request for stay should be denied.

### III. Conclusion & Recommendation

For all of the foregoing reasons, the undersigned recommends that Petitioner's Motion for Stay and Abeyance (Doc. 13) be **DENIED**.

Dated: May 7, 2014

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).