**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **VINCENT D. GATLIN, SR.,** ) | CASE NO. 5:13CV2434 |
| ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| Petitioner, ) | |
| ) | <u>OPINION AND ORDER</u> |
| v. ) | |
| ) | |
| **KIMBERLY CLIPPER, Warden,** ) | |
| ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation to deny Petitioner's Motion for Stay and Abeyance (ECF #16). Petitioner filed Objection to the Magistrate's Report and Recommendation (ECF#19). For the following reasons, the Court adopts the Report and Recommendation and denies the Motion.

## **FACTS**

On September 8, 2011, a Stark County jury found Petitioner guilty of one count of Felonious Assault based on sexual conduct while carrying HIV, and one count of Sexual Battery with a Repeat Violent Offender ("RVO") Specification. Petitioner was sentenced to eight years and a consecutive five years for the RVO Specification. On October 19, 2011, Petitioner filed a Notice of Appeal to the Fifth District Court of Appeals. On July 16, 2012, the Court of Appeals affirmed Petitioner's conviction and sentence. On August 24, 2012, Petitioner filed a Notice of Appeal in the Ohio Supreme Court. On November 28, 2012, the Ohio Supreme Court denied leave to appeal and

dismissed the Appeal as not involving any substantial constitutional question.

On October 31, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, asserting one Ground for Relief:

> **Ground One:** A criminal defendant may not be convicted of a repeat violent offender specification that requires that the defendant caused or attempted to cause serious physical harm, when the underlying offense does not contain such an element, and the jury makes no express finding regarding serious physical harm. Sixth and Fourteenth Amendments to the United States Constitution; Section 5 and 10, Article 1 of the Ohio Constitution.

On January 13, 2014, Respondent filed the Return of Writ. Respondent argued that Petitioner's sole ground is procedurally defaulted, not cognizable and lacks merit. On April 15, 2014, Petitioner filed a Motion for Stay and Abeyance asking the Court to stay ruling on his Habeas Petition until such time as the Court of Appeals rules on his Application for Reopening his Direct Appeal.

## **ANALYSIS**

In her Report and Recommendation, the Magistrate Judge points out that as a rule, a state prisoner must exhaust all available state remedies or have no remaining state remedies available before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). The exhaustion requirement is satisfied when the petitioner fairly presents all his federal constitutional claims to the highest court of the state in which the petitioner was convicted, thereby giving the state one full round of its established review procedures to consider the petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

In her Return of Writ, Respondent contends that Petitioner failed to exhaust the

sole ground for relief in his Habeas Petition because he did not fairly present his claim as a federal constitutional claim to the state court of appeals and is now procedurally defaulted because it would be barred by *res judicata* from consideration in a subsequent state court proceeding.  After Respondent filed her Return of Writ, Petitioner filed a Motion for Stay and Abeyance, asking the Court to stay his Habeas Petition and hold it in abeyance while he returns to state court to exhaust "all available state court remedies."  Petitioner states that he has filed a Motion to Reopen his Direct Appeal based on major errors committed by his appellate counsel.

The Magistrate Judge held that the habeas statute circumscribes the district court's discretion to issue stays.  *Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005).   If the habeas petition is a "mixed petition," i.e., one that includes both exhausted and unexhausted claims, federal district courts have the "discretion to stay to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition.*" Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006) (citing Rhines, 544 U.S. at 278-79.

In this case, Petitioner raised only one Ground for Relief, therefore, it is not a mixed petition.  The Court agrees with the Magistrate Judge that the stay and abeyance procedure does not apply, as it does not matter if the claim is exhausted or unexhausted.  *See e.g., Witherspoon v. Howes*, 1:07-CV-981, 2008 WL 3833751 *2 (W.D. Mich. Aug. 13, 2008) ("petitioner cannot utilize the stay and abeyance procedure because he did not file a 'mixed' habeas petition");  *Draheim v. Harry*, No. 1:05–cv–587, 2005 WL 2758089 at *3 (W.D.Mich. Oct.25, 2005) (concluding that the stay and

abeyance procedure does not apply to a habeas petition containing only unexhausted claims).

The Magistrate Judge further concluded that even if Petitioner has a post-judgment motion pending in state court, that does not render his Habeas Petition a "mixed" petition. The Court agrees with the Magistrate Judge's determination and finds that Petitioner has not met the conditions for a stay. In Petitioner's Objection to the Magistrate's Report and Recommendation, he states that he is seeking permission from the Court to return to state court to raise ineffective assistance of counsel claims. Petitioner does not provide any new arguments or specific error of law that would warrant rejecting the Magistrate Judge's Report and Recommendation. Petitioner's Motion for Stay and Abeyance is denied.

**IT IS SO ORDERED.**

**DATE: 6/17/2014**

 s/Christopher A. Boyko
**HONORABLE CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT JUDGE**