**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **VINCENT D. GATLIN, SR.,** )  | CASE NO. 5:13CV2434 |
| ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| Petitioner, ) | |
| ) | <u>OPINION AND ORDER</u> |
| v. ) | |
| ) | |
| **KIMBERLY CLIPPER, Warden,** ) | |
| ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on Petitioner Vincent D. Gatlin's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

On July 11, 2011, the Stark County Grand Jury returned an Indictment charging Petitioner with one count of Felonious Assault Based on Sexual Conduct While Carrying HIV, and one count of Sexual Battery. On August 25, 2011, a Superseding Indictment was filed which added a Repeat Violent Offender ("RVO") Specification to the charge of Felonious Assault. A Stark County jury found Petitioner guilty of one count of Felonious Assault Based on Sexual Conduct While Carrying HIV and one count

of Sexual Battery. The court then addressed the RVO Specification and found Petitioner guilty of the Specification. Petitioner was sentenced to eight years and a consecutive five years for the RVO Specification.

On October 19, 2011, Petitioner filed a Notice of Appeal to the Fifth District Court of Appeals. On July 16, 2012, the Court of Appeals affirmed Petitioner's conviction and sentence. On August 24, 2012, Petitioner filed a Notice of Appeal in the Ohio Supreme Court. On November 28, 2012, the Ohio Supreme Court denied leave to appeal and dismissed the Appeal as not involving any substantial constitutional question.

On October 31, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, asserting one Ground for Relief:

> **Ground One:** A criminal defendant may not be convicted of a repeat violent offender specification that requires that the defendant caused or attempted to cause serious physical harm, when the underlying offense does not contain such an element, and the jury makes no express finding regarding serious physical harm. Sixth and Fourteenth Amendments to the United States Constitution; Section 5 and 10, Article 1 of the Ohio Constitution.

On November 11, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on June 23, 2014. On July 10, 2014, Petitioner filed Opposition of Magistrate's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law

as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Respondent asserts in the Return of Writ that Petitioner's sole ground is procedurally defaulted, not cognizable and lacks merit. Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion

applies. *Williams*, 460 F.3d at 806. A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); see also *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 848, "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams,* 460 F.3d at 806.

The Magistrate Judge thoroughly reviewed Petitioner's presentment of his claim in the Court of Appeals. Petitioner challenged his RVO Specification on direct appeal to the Fifth District but did not fairly present his claim as an alleged violation of a federal constitutional right. Rather, Petitioner raised his RVO challenge only in relation to state law, citing R.C. 2929.14(B)(2)(a) and *State v. Davis*, 2009-Ohio-5079 (Ohio App. 7 Dist. September 25, 2009). Petitioner first asserted a federal constitutional claim in his

Memorandum in Support of Jurisdiction submitted to the Ohio Supreme Court on August 24, 2012.  The Ohio Supreme Court denied Petitioner's request for leave to appeal and the Appeal was dismissed.  The Magistrate Judge correctly points out that the Ohio Supreme Court will not consider a constitutional question which was not raised and argued in the lower courts.  *Leroy v. Marshall*, 757 F .2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985);  *Mitts v. Bagley*, No. 1:03CV1131, 2005 WL 2416929, at *60 (N.D.Ohio Sept. 29, 2005)*;  State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).

In his Opposition of Magistrate's Report and Recommendation, Petitioner contends that the Court should examine his claims more carefully despite his procedural default.  Petitioner makes no attempt to argue cause or prejudice to excuse his default. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit analyzed four prongs when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. The Magistrate Judge correctly concluded that Petitioner did not overcome the procedural bar.

The Court agrees with the Magistrate Judge that while the exhaustion

requirement is technically satisfied because there are no longer any state remedies available to Petitioner, see *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), Petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams*, 460 F.3d at 806.  Therefore, Petitioner's sole Ground for Relief is procedurally defaulted.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**DATE: 7/21/2014**

      s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT JUDGE**